**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**JOSEPH HESS**                                                                                      **PLAINTIFF**

**V.**                                      **CASE NO. 3:20-CV-60-LPR-BD**

**TURN KEY MEDICAL,** *et al.*                                                          **DEFENDANTS**

**ORDER**

In his original and amended complaints, Mr. Hess claimed that Defendant Christian Underwood used excessive force against him in April of 2019, and that other Defendants denied him adequate medical treatment in December of 2018. He also complained that he was generally subjected to "inhumane treatment by staff." His claims were supported only by conclusory statements rather than factual allegations. The Court directed Mr. Hess to file a third amended complaint, therefore, to clarify his claims. (Doc. No. 7)

Mr. Hess has now filed his third amended complaint. (Doc. No. 12) In this complaint, he adequately states claims for deliberate indifference to medical needs; but he has not identified the *individuals* who failed to provide him necessary care. He names Turn Key Medical as a Defendant, but he has not stated facts to support a claim against Turn Key. A corporate entity such as Turn Key can be held liable for deliberate indifference to a medical need only if Mr. Hess explains how a Turn Key policy, custom, or official action led to his injury. *Johnson v. Hamilton,* 452 F.3d 967, 973 (8th Cir. 2006); *see also Sanders v. Sears, Roebuck & Co.,* 984 F.2d 972, 975–76 (8th Cir.1993). He has not identified any Turn Key custom, policy, or action that led to his injury.

The Federal Rules of Civil Procedure require plaintiffs in every case to identify and serve all defendants with a summons and a copy of the complaint within 90 days of date the complaint was filed. Mr. Hess filed this case on February 2, 2020; therefore, he must serve all Defendants in this lawsuit by May 4, 2020. Because he is proceeding *in forma pauperis*, the Court will order service of process; but it is Mr. Hess's responsibility to identify the Defendants to be served. He is cautioned that some or all of his claims may be dismissed if he fails to identify Defendants within the time allowed.

In his third amended complaint, Mr. Hess appears to have abandoned claims against Defendant Underwood and the Greene County Detention Center. Accordingly, the Clerk is instructed to terminate those Defendants.

Mr. Hess has moved to be transferred from the Greene County Jail to a different detention facility. (Doc. No. 13) Mr. Hess has no constitutional right to choose his preferred jail. In any event, the motion for transfer is now moot, as evidenced by the notice of change in address Mr. Hess filed on March 24. (Doc. No. 14) The motion for transfer is DENIED.

Finally, Mr. Hess has filed papers requesting guidance from the Court as to whether he should file a motion for a pardon. (Doc. No. 11) The Court cannot give Mr. Hess legal advice or order that he be pardoned. The motion for guidance is DENIED.

IT IS SO ORDERED, this 20th day of April, 2020.

_____
UNITED STATES MAGISTRATE JUDGE