IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOSEPH HESS                                                                                              PLAINTIFF

V.                                       CASE NO. 3:20-CV-60-LPR-BD

TURN KEY MEDICAL, *et al.*                                                                  DEFENDANTS

### RECOMMENDED DISPOSITION

**I.      Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge Lee P. Rudofksy. Mr. Hess may file objections with the Clerk of Court if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If Mr. Hess does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

**II.     Background:**

In his original and amended complaints, Plaintiff Joseph Hess claimed that Defendant Christian Underwood used excessive force against him in April of 2019, when he was an inmate in the Greene County Jail. He also claimed that unnamed Defendants denied him adequate medical care in December of 2018, and that he was generally subjected to "inhumane treatment by staff" while held in the Jail. (Doc. Nos. 2, 3) Mr. Hess's claims, however, were conclusory and were not supported by factual allegations.

The Court, therefore, directed Mr. Hess to file a third amended complaint so that he could attempt to state a federal claim for relief. (Doc. No. 7)

In his third amended complaint, Mr. Hess abandoned his excessive-force claim, but he did adequately state a claim for deliberate indifference to his medical needs. The problem, however, is that he did not identify the *individuals* who were responsible for failing to provide medical care. He named Turn Key Medical as a Defendant but, as explained in an earlier order, corporations such as Turn Key are liable only if a corporate policy or custom caused the injury. *Johnson v. Hamilton,* 452 F.3d 967, 973 (8th Cir. 2006); *see also Sanders v. Sears, Roebuck & Co.,* 984 F.2d 972, 975–76 (8th Cir.1993). Mr. Hess did not state any facts in his third amended complaint to indicate that his lack of medical treatment at the Jail was the result of a Turn Key policy or custom.

Mr. Hess has not named any individual who can be served with process. On April 20, 2020, the cautioned Mr. Hess that the 90-day window for identifying and serving Defendants would close on May 4, 2020. (Doc. No. 15) To date, Mr. Hess has not identified any individual who was indifferent to his medical needs; therefore, no Defendants have been served with process.

### III.   Conclusion:

The Court recommends that Mr. Hess's claims be DISMISSED, without prejudice, based on his failure to identify and serve Defendants within the time allowed by the

Federal Rules of Civil Procedure.

DATED this 29th day of July, 2020.

_____
UNITED STATES MAGISTRATE JUDGE